| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>JANE DOE,<br><br>                                Plaintiff,<br><br>    -against-<br><br>STEVEN KOGUT,<br><br>                               Defendant.<br>------------------------------------------------------------------X | Civil No: 1:15-cv-07726<br><br>**COMPLAINT**<br><br>Plaintiff Demands a Jury |

Plaintiff, JANE DOE, by her attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff, JANE DOE, (hereinafter "Plaintiff") by her attorneys, DEREK SMITH LAW GROUP, PLLC hereby seeks damages to redress the injuries Plaintiff has suffered as a result of being physically assaulted, sexually harassed, battered, and isolated.

## JURISDICTION

2. This case is based on diversity of citizenship in that Plaintiff is a citizen of the State of Florida and the individual Defendant is a citizen and resident of the State of New Jersey.

3. There also exists complete diversity of citizenship and the matter in controversy exceeds

the amount of $75,000. Venue is proper in this district based upon this judicial district in which a substantial part of the events or omissions giving rise to the claim occurred within New York, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

4. At all times material, Plaintiff JANE DOE (hereinafter "Plaintiff") is an individual woman residing in the State of Florida.

5. At all times material, Defendant STEVEN KOGUT is an individual residing in the State of New Jersey.

## MATERIAL FACTS

6. This is a case about a man and a woman who were involved in a romantic relationship. Once he felt comfortable in their relationship, Defendant grew violent and began to physically abuse the Plaintiff, including: threaten her life, hit her, kick her in the face, vaginally rape her, anally rape her, cause unbearable pain to her nipples, forcing her to watch offensive pornography.  Defendant also physically and verbally humiliated Plaintiff, grabbed her arms violently, twisted her arms many times, duct taped her, pushed her down a flight of stairs, threw her onto the pavement and assaulted her. Defendant instilled fear in Plaintiff and forced her into painful, sadistic, terrible acts against her will. Defendant robbed her of peace of mind and self-confidence and left her with paralyzing anxiety. Defendant physically attacked Plaintiff and caused visible, physical injuries on numerous

occasions.

7. Plaintiff is a 35-year-old accomplished journalist and financial writer.

8. Defendant is a 60-year-old real-estate business owner/investor from Brooklyn, NY.

9. In or around October 2013, Defendant KOGUT met Plaintiff and they entered into a romantic relationship soon thereafter.

10. In or around October 2013 and continuing throughout their relationship, Plaintiff entered a cycle of domestic abuse at the hands of Defendant KOGUT.  Defendant would purchase expensive Hermes jewelry, luxury clothing, and a Rolex watch for Plaintiff and use it in order to compensate and "apologize" for his severe domestic abuse.

11. By way of example, from March 8th to March 13th, 2014 Defendant took Plaintiff on a trip to Florida with his family.

12. In April 2014, Plaintiff and Defendant moved in together in an apartment in New York City, County of New York at 487 Greenwich Street, Apt. 3A, New York, New York 10003.

13. On or about April 14, 2014, in a jealous rage, Defendant completely lost his temper and turned extremely violent demanding to read Plaintiff's cell phone. He forcefully grabbed and assaulted Plaintiff, leaving dark and visible bruises on her arms.  Defendant threw Plaintiff on the floor and stood over her, using his feet to kick her in the face.  He kicked her in the head and in the back, repeatedly, while she was still helpless, on the floor.  He continued to kick Plaintiff's neck repeatedly, using the force of his foot and his shoes. Defendant put his foot on Plaintiff's neck and held his foot on her neck for several minutes. Defendant further forcibly attacked and raped Plaintiff both vaginally and anally.  During this violent assault, Defendant threatened Plaintiff's life.  He specifically said, "If you call police and press charges, I will kill you.  And I'll make you suffer first.  If you call the

police, first I'll punch myself in the eye and I'll blame you. I know how the police work. I get the police. I have experience with cops and how to press charges. I'm the big guy and I've gotten restraining orders against people. I'm good at convincing the police. I even taught my kids how to lie to police. You'll regret it if you tell anyone. I'll punish you. If you call the police, I'll punish you so much you'll never recover. I have a way with the police. I know how to play it. I can twist anything. Listen, you don't know who you're dealing with. I've bribed politicians in New Jersey. I've gotten judges to do what I want. You have no idea how things work. So whatever you do, don't try anything. I want you to know you can never get away with anything. If you cheat on me, I'll hurt you more. No one will love you like I do. Without your makeup and hair done, you're not that pretty. No one else would love you. So you need to know how to treat your man." He yanked Plaintiff up and pulled her to the bedroom by reaching down her loose dress and grabbing her nipples. This act scared and weakened Plaintiff more. Defendant violently pulled her nipples with almost enough force to remove her nipples from her breasts. She felt unbearable pain and begged him to stop. Then he raped her vaginally and anally. During this entire incident, she was crying uncontrollably and praying for the pain to stop soon.

14. Defendant apologized and offered kisses and promises not to injure Plaintiff anymore, which became a pattern of attacking and then being nice. Plaintiff was terrified of Defendant.

15. Plaintiff suffered physical and emotional scarring during the ongoing cycle of abuse at the hand of Defendant KOGUT, but she hoped that Defendant would keep his promise not to ever hurt her again, as he promised each time after he hurt her.

16. Plaintiff asked Defendant KOGUT to go to therapy for his violent temper.

17. Plaintiff asked Defendant to put in writing his promises to stop abusing her, assaulting her, hitting her, insulting her and hurting her which he did.

18. Defendant agreed to the written commitment to not attack her again and signed his name only after they added the words "hurt her by accident."

19. On April 20, 2014, Plaintiff saw her family and wore long sleeves to hide the bruises he left on both of her arms.

20. On or about April 25, 2014, Plaintiff was invited to a formal dinner event and took Defendant, who grew jealous when men said hello to Plaintiff. At home that night, he threw her into the wall of the bedroom closet violently. He threatened her life again if she cheated. He threatened to hurt her by her nipples if she didn't show her cell phone messages to him to prove she wasn't cheating. She was able to show him her phone and calm him down.

21. On or about May 7, 2014, Defendant lost his temper again when Plaintiff was invited to a Spa Day at the Plaza hotel where a matchmaker was seeking to meet people. Defendant grabbed Plaintiff's arm to get her phone and read the exact invitation. In doing this, he twisted her wrist so hard that the pain lasted two weeks.

22. As usual, Defendant later apologized and said he can't live without Plaintiff.

23. On or about May 24, 2014, Defendant took Plaintiff on a vacation to France and Plaintiff went based on Defendant's promises that he would not hurt her anymore.

24. In France, Defendant lost his temper again when Plaintiff was approached by a French man who spoke a few sentences. Defendant ran over, he threatened to hit the French man, and he raised his fist up to the face of the French man, who literally ran away and was never seen by them again. Defendant said "French men are not men" and that the man running

made him feel more of a man.  That night, Defendant told his girlfriend she was fat and not allowed to eat.  He did not let her order in food and he did not let her leave.  He said she had to stay, without food, inside the bedroom with him, so he could watch her.  He said he was her "Punisher" and for letting the French man speak to her, she "had to be punished."

25. That night, he forced her to watch unusual porn which included women being hit, anal sex, and women with milk coming from their breasts during sex.

26. On or about June 7, 2014, Defendant forcefully shoved Plaintiff onto the pavement by the driveway in Sag Harbor, NY. He was complaining about her talking to men who were guests at the shared house.  In full view of witnesses, Plaintiff was physically battered, humiliated and injured by Defendant's violence. Plaintiff had bruises and abrasions on her arms and legs from the assault.

27. In or around that time, Defendant forcibly duct- taped Plaintiff's mouth and took pictures of Plaintiff with the tape on her mouth. Defendant proudly displayed the humiliating photograph of Plaintiff on his screensaver and computer background, and showed it to family and friends, saying that he was the "king of [his] castle" and knew how to keep [his] woman in line and that he knew "how to control [his] woman."

28. Defendant repeatedly duct- taped Plaintiff's mouth when Defendant thought Plaintiff talked too much. On several occasions, Defendant KOGUT would punish Plaintiff and leave Plaintiff in a bedroom, duct-taped and tied up, scared, helpless and unable to escape until Defendant decided to let Plaintiff loose.  He would leave her to sounds and images of offensive pornography.

29. Defendant purposely duct-taped Plaintiff's mouth while she was hungry, saying Plaintiff was too fat.

30. On or around June 9, 2014 Plaintiff and Defendant attended a "Love Heals' June 9th Toast of Appreciation" event. Defendant read Plaintiff's text messages during the event, and exploded in rage while in his car. He twisted Plaintiff's arm violently while he sat in the driver's seat. Plaintiff begged Defendant to calm down and practice breathing instead of violence.

31. On or about June 11, 2014 Plaintiff was forced to flee from the home. Defendant was upset that Plaintiff had plans with a friend. Then he lunged at Plaintiff. Plaintiff fled from the house for about an hour. When her friend found her, she was hiding in a doorway a few blocks away in case Defendant chased her. She confided to her friend what happened and that her wrist was hurting.

32. On or about July 4, 2014, Defendant KOGUT grabbed Plaintiff and bit her hand until Plaintiff started bleeding. Plaintiff felt horrified and wrapped her hand to stop the bleeding. As usual, Defendant later apologized.

33. Defendant would continuously tell Plaintiff that he wanted to kill her.

34. On or around July 15, 2014 Plaintiff rented a temporary apartment as safe harbor away from Defendant. Defendant lost his temper and he threatened her not to go or he would punish her.

35. On or about July 15, 2014, Defendant again violently vaginally and anally raped Plaintiff.

36. Defendant told Plaintiff, "No. You are mine." Defendant KOGUT held Plaintiff down, pinned down Plaintiff's arms and pulled at her nipples. Defendant KOGUT pulled the nipples harder than humanly sustainable, trying to rip Plaintiff's nipples off of her breasts. She yelled "NO" more than 5 times.

37. Defendant said if she made noise or moved her arms from behind her head, he would

"punish her nipples more."

38. The pain was already unbearable. When she felt too weak to move, he raped her vaginally for several minutes, and then flipped her over and raped her anally for an extended period of time, until he climaxed, knowing it would be painful for Plaintiff.

39. Despite Plaintiff's cries, refusal and obvious pain, Defendant KOGUT told Plaintiff, "You deserve to be punished. You're a bitch. You're a whore. I want you to suffer, like Hitler made people suffer." She knew he meant it, because he often talked about himself as the Reverse Hitler. Especially when he drank his daily Scotch, he spoke of taking his anger out on people. Then he turned her over and raped her anally, Plaintiff was terrified and crying throughout the rape and when Defendant KOGUT was forcing himself on Plaintiff, Plaintiff was left there crying, in severe pain, terrified, and physically shaking.

40. On or about July 17, 2014, around 6:45 in the morning, once again, Defendant KOGUT raped Plaintiff vaginally and anally. He said he had to punish her for talking to men the night before.

41. Plaintiff said "NO" repeatedly, more than 5 times.

42. Again, she was told if she moved or made noise, her nipples would be violently attacked.

43. After the horrific experience, Defendant said, "I will kill you if you press charges," in case she had forgotten the many other times he had said this.

44. Defendant told Plaintiff she should marry him since he was afraid of being alone and so she could live her dreams of writing books and being settled down. He told Plaintiff to calm down and have breakfast with him and his adult daughter. He said he would cook omelets/breakfast for them both and he did.

45. Plaintiff felt conflicted, repulsed and scared. She knew to do as she was told or things

would get worse.  She was ashamed to show emotion and felt worn out and beaten down.

46. Defendant lost his temper again after breakfast.  Plaintiff said she would leave.  Defendant said he had stolen her keys and was stealing and keeping her purse, everything she owned, and that he would sell her Passport to terrorists.  Plaintiff escaped the apartment in fear of her life, leaving without her valuables and never getting them back.

47.  On or around July 18, 2014, Defendant violently shoved Plaintiff down a flight of stairs with the intent to cause injury.  Plaintiff screamed while she was on the speakerphone with 911.

48. On or about July 19, 2014, police escorts and movers helped Plaintiff move some of her things from Defendant's home.

49. For some bizarre reason, Defendant KOGUT had collected sealed, black bags of urine, feces and vomit and gave the bags to the Police and movers stating the bags were Plaintiff's clothes, which were mixed in with the urine, feces and vomit.

50. While Plaintiff was living at Defendant's residence from April 2014 through July 18, 2014, Defendant physically attacked Plaintiff on many occasions, physically assaulting and battering Plaintiff causing Plaintiff great pain and injury.

51. Plaintiff grew unable to eat normally or use the bathroom normally after the repeated episodes of emotional and physical trauma resulting from Defendant's violent behavior.

52. Plaintiff suffered numerous physical and emotional injuries as a result of Defendant.

53. Plaintiff was and is experiencing severe Post Traumatic Stress Disorder which has characteristics of anxiety where Plaintiff has problems breathing, and feels the following symptoms: depression, anger, shame, loss of trust, shame and panic.  This requires medical and psychiatric attention.  Plaintiff takes medication to cope with the emotional distress for

the degrading, condescending and horrid treatment towards Plaintiff by Defendant. Plaintiff is also unable to eat normally and process food or use the bathroom after the repeated episodes of emotional and physical trauma. Plaintiff suffers from flashbacks. She is haunted by nightmares that remind her of the nightmare that was her life. Plaintiff has sudden outbursts of unresolved trauma and tears.

54. The Defendant intentionally and violently sexually assaulted the Plaintiff, and in the process, humiliated, degraded, and violated her, thereby robbing her of her dignity, and causing her severe emotional distress and lifelong damage.  She has been traumatized, deprived of happiness, deprived of her safety. She is unable to feel safe, often unable to think, and feels paralyzed and unable to move on with her life.

55. The above are just some of the instances of sexual and physical assault suffered by Plaintiff at the hand of Defendant KOGUT.

56. As Defendant's conduct has been malicious, unjustifiable, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

57. Plaintiff was so traumatized by the Defendant that she has not been able to start the herein action until now.

### AS A FIRST CAUSE OF ACTION UNDER STATE LAW § 213-c
### BY VICTIM OF CONDUCT CONSTITUTING CERTAIN SEXUAL OFFENSES
### AGGRAVATED SEXUAL ABUSE IN THE FIRST DEGREE

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. § 130.35 of the New York State Penal Law provides as follows: Rape in the first degree 1 A person is guilty of rape in the first degree when he or she engages in sexual intercourse with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven years old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.35.

60. § 130.50 of the New York State Penal Law provides as follows: Criminal sexual act in the first degree 1 A person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct or anal sexual conduct with another person: 1. By forcible compulsion; or 2. Who is incapable of consent by reason of being physically helpless; or 3. Who is less than eleven yeas old; or 4. Who is less than thirteen years old and the actor is eighteen years old or more. NY CLS Penal § 130.50.

61. Section 130.70 of the New York State Penal Law; "Aggravated sexual abuse in the first degree" provides that "A person is guilty of aggravated sexual abuse in the first degree when he inserts a foreign object in the vagina, urethra, penis or rectum of another person causing physical injury to such person:

    (1) By forcible compulsion; or

    (2) Who is incapable of consent by reason of being physically helpless.

Aggravated sexual abuse in the first degree is a class B felony."

62. Defendant violated the herein sections as set forth herein.

63. § 213-c of the Civil Practice Law and Rules provides as follows: Action by victim of conduct constituting certain sexual offenses: Notwithstanding any other limitation set forth

in this article, a civil claim or cause of action to recover from a defendant as hereinafter defined, for physical, psychological or other injury or condition suffered by a person as a result of acts by such defendant of rape in the first degree as defined in section 130.35 of the penal law, or criminal sexual act in the first degree as defined in section 130.50 of the penal law, or aggravated sexual abuse in the first degree as defined in section 130.70 of the penal law, or course of sexual conduct against a child in the first degree as defined in section 130.75 of the penal law may be brought within five years.  As used in this section, the term "defendant" shall mean only a person who commits the acts described in this section or who, in a criminal proceeding, could be charged with criminal liability for the commission of such acts pursuant to section 20.00 of the penal law and shall not apply to any related civil claim or cause of action arising from such acts. Nothing in this section shall be construed to require that a criminal charge be brought or a criminal conviction be obtained as a condition of bringing a civil cause of action or receiving a civil judgment pursuant to this section or be construed to require that any of the rules governing a criminal proceeding be applicable to any such civil action. NY CLS CPLR § 213-c

82. Defendant is civilly liable under § 213-c for violating all of the above Sections of the New York State Penal Law as described above.

## AS A SECOND CAUSE OF ACTION
## GENDER MOTIOVATED VIOLENCE PROTECTION ACT

83. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

84. N.Y. ADC. LAW § 8-903 states in relevant part "For purposes of this chapter: a. "Crime of violence" means an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction. b. "Crime of violence motivated by gender" means a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender.

85. N.Y. ADC. LAW § 8-904 : NY Code – Section 8-904: Civil Cause of Action states in relevant part "Except as otherwise provided by law, any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual in any court of competent jurisdiction for any or all of the following relief: 1. compensatory and punitive damages; 2. injunctive and declaratory relief; 3. attorneys' fees and costs; 4. such other relief as a court may deem appropriate."

86. N.Y. ADC. LAW § 8-905 Limitations states in relevant part: "a. A civil action under this chapter must be commenced within seven years after the alleged crime of violence motivated by gender as defined in section 8-903 of this chapter occurred. . . . c. Nothing in this section requires a prior criminal complaint, prosecution or conviction to establish the elements of a cause of action under this chapter.

87. Defendant KOGUT's conduct constitutes crimes of "violence motivated by gender" under The Victims of Gender-Motivated Violence Protection Act ("VGMVPA").

88. As a result of defendant's acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

## AS A THIRD CAUSE OF ACTION
## NEGLIGENCE AND FAILURE TO WARN

89. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. Defendant had a duty to warn Plaintiff that he had a certain malady.

91. Furthermore, Defendant had a duty to advise Plaintiff that he had such a malady.

92. Defendant breached such duties.

93. Plaintiff contracted such malady because of Defendant's failure to warn and negligence.

94. As a result Plaintiff sustained injury as set forth herein.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       September 30, 2015

                                        Yours, etc.,

                                        DEREK SMITH LAW GROUP, PLLC

                                      By: _____

                                        Derek T Smith, Esq.
                                        Attorneys for Plaintiff
                                        30 Broad Street, 35th Floor
                                        New York, New York 10004
                                        Tel.: (212) 587-0760