UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANE DOE,                                                         :
                                                                  :    Civil Action No: 1:15-CV-07726-JMF
              **Plaintiff,**                                       :
                                                                  :
              -against-                                           :
                                                                  :
STEVEN KOGUT,                                                     :
                                                                  :
              **Defendant.**                                       :
------------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER PURSUANT TO 28 U.S.C. § 636(b)(1)(A)

      Pursuant to 28 U.S.C. § 636(b)(1)(A), Defendant Steven Kogut ("Defendant"), by his attorneys, Nesenoff & Miltenberg, LLP, respectfully submits this Memorandum of Law in support of his Motion to Reconsider the October 20, 2015 Decision and Order of The Honorable Jesse M. Furman (the "October 20 Order"), granting Plaintiff's Motion to Proceed Under Pseudonym on the grounds that the October 20 Order was clearly erroneous and contrary to law. Plaintiff should not be permitted to proceed as a pseudonymous party in this action for the reasons outlined below.

### PROCEDURAL HISTORY

      Plaintiff filed the Complaint on or about September 30, 2015. On or about October 16, 2015, Plaintiff filed a Motion for Confidentiality to proceed anonymously. The October 20 Order, granting Plaintiff's Motion for Confidentiality, noted that Defendant may move for reconsideration upon the entering of a notice of appearance, in the event that Defendant believes the balance of relevant factors calls for a different result. On or about January 12, 2015, the undersigned filed a Notice of Appearance on behalf of Defendant.

## **LEGAL STANDARD**

Motions for reconsideration or reargument are governed by Local Rule 6.3 Reconsideration or reargument should be granted when the moving party can "point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255,257 (2d Cir. 1995). Reconsideration or reargument is also proper if based on an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Donoghue v. Casual Male Retail Group, Inc.*, 427 F. Supp. 2d 350, 354 (S.D.N.Y. 2006). The Court has not had the benefit of Defendant's briefing on the issues governing whether the Plaintiff may proceed by pseudonym.

## **ARGUMENT**

Rule 10(a) of the Federal Rules of Civil Procedure requires that every pleading have a title naming all parties. *FED. R. CIV. P. 10(a).* This rule arises out of the public's right to access the courts and "scrutinize judicial proceedings." *Sealed Plaintiff v. Sealed Defendant #1,* 537 F.3d 185, 188-89 (2d. Cir. 2008) *(citations omitted)*. As a result, courts "begin with a presumption against anonymous or pseudonymous pleading." *Doe v. Del Rio,* 241 F.R.D. 154, 156 (S.D.N.Y. 2006) *(citations omitted).* To overcome this presumption, a party wishing to proceed pseudonymously must demonstrate his "interest in anonymity" outweighs "both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff,* 537 F.3d at 189. Courts in the Second Circuit utilize a non-exhaustive list of ten factors to conduct this analysis:

> "(1) whether the litigation involves mattes that are 'highly sensitive and [of a] personal nature;'

(2) 'whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non- parties;'

(3) whether identification presents other harms and the likely severity of those harms, including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;'

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in the light of his age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

(9) 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities;' and

(10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."

*Sealed Plaintiff*, 537 F.3d at 190; Order, *Doe v. Cornell Univ. (later Prasad v. Cornell Univ.)*, 5:15-CV-0322 (TJM/DEP) (N.D.N.Y. Mar. 25, 2015) (Dkt. No. 5). The Court has the discretion to balance these factors. *Sealed Plaintiff*, 537 F.3d at 190.

An analysis of these factors compels the conclusion that Plaintiff's interests do not outweigh the public's interest in openness or the prejudice it would cause to Defendant. Therefore, Plaintiff's motion to proceed pseudonymously should be denied.

## I. PLAINTIFF'S ALLEGED HARMS DO NOT OUTWEIGH THEPRESUMPTION FAVORING OPEN JUDICIAL PROCEEDINGS

Factors two and three of the *Sealed Plaintiff* analysis require examination of any alleged harms the plaintiff may incur by proceeding under his/her real name. In this case, Plaintiff does not allege the sort of harms that outweigh the constitutional presumption of open judicial proceedings.

First, generalized fears of harm or retaliation are insufficient to permit anonymity. *See* Order, *Cornell Univ.*, 5:15-CV-0322; *Andersen v. N. Shore Long Island Jewish Healthcare Zucker Hillside Hosp.*, 2013 U.S. Dist. LEXIS 28602, *10 (E.D.N.Y. Mar. 1, 2013) (finding general and unsubstantiated fears of identity theft insufficient to overcome the presumption favoring judicial proceedings).

Second, concerns relating to shame or embarrassment are "not recognized bases to conceal a party's identity." *Temple 1*, *2 (citations omitted); *Doe v. N.C. Cent. Univ.*, 1999 U.S. Dist. LEXIS 9804, *5-6 (M.D.N.C. Apr. 15, 1999) (stating "courts have generally been reluctant to provide anonymity based on a plaintiff's potential embarrassment."); *see, e.g.*, *Doe v. Delta Airlines, Inc.*, 2015 U.S. Dist. LEXIS 134911, *9-11 (S.D.N.Y. Oct. 2, 2015) (finding a lawyer's reputational injury insufficient to maintain her anonymity); *Univ. of Rhode Island*, 1993 U.S. Dist. LEXIS 19257, *7 (finding a sexual assault victim's concern that she would be embarrassed, ostracized, or harassed insufficient harms to justify anonymity).

Plaintiff alleges exactly such an insufficient harm in her motion, writing that "she would be associated with the shame that many women endure after having been victims of sexual abuse." *Plaintiff Memo of Law*, P. 2. Not only are her allegations of sexual abuse still unfounded, the reasoning for a risk of retaliatory physical or mental harm do not rise to the appropriate standard. Plaintiff does not state or expand on any physical or psychological

harms, and therefore, without supporting evidence these fail as mere general averments of embarrassment that have been found to be insufficient, as noted above.

Similarly, in describing whether identifications presents other harms and the likely severity of those harms, Plaintiff merely states that "as a victim of extensive sexual abuse, she should be entitled to privacy and revealing her true identity would only add to her emotional distress for which she is suing." Id. Once again, Plaintiff fails to state in any detail or with supporting evidence what harms Plaintiff would face if identified.

## II. PLAINTIFF DOES NOT REQUIRE PROTECTION BASED ON HER AGE

The fourth *Sealed Plaintiff* factor, Plaintiff's age, also weighs against allowing anonymity. If a party is an adult during all relevant times up to and including the proceedings, then his or her need for anonymity is less weighty. *E.g.*, *Cabrera*, 307 F.R.D. at 7-8; *N.C. Cent. Univ.*, 1999, U.S. Dist. LEXIS at *9-10. Plaintiff was older than eighteen and therefore, her age does not weigh in favor of him proceeding anonymously. *See* Complaint.

## III. PLAINTIFF'S ANONYMITY WILL PREJUDICE DEFENDANT

As to the sixth[1] *Sealed Plaintiff* factor (prejudice), Defendant will be unfairly prejudiced if Plaintiff is permitted to proceed pseudonymously. Courts have recognized that when a named party is forced to respond to public accusations levied in the public sphere by an anonymous opponent, the prejudice incurred by the named party weighs in favor of precluding anonymity. *E.g.*, *Shakur*, 164 F.R.D at 361 (stating "[i]f plaintiff were permitted to prosecute this case anonymously, [the defendant] would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.") (citations omitted); *N.C. Cent. Univ.*, 1999 U.S. Dist.

---

[1] We examine the fifth *Sealed Plaintiff* factor in Point IV below.

LEXIS 9804, *11-12 ("[i]t is not appropriate for Plaintiff to 'use [her] privacy interests as a shelter from which [she] can safely hurl…accusations without subjecting [herself] to public scrutiny.") (citations omitted).

Plaintiff's plans for how she will use her anonymity, if it is granted, are already apparent. On or about October 2, 2015 (just two days after Plaintiff filed this Complaint), details of this case – including Defendant's name and personal information – were either picked up or leaked to various publications, including but not limited to the New York Post, The Real Deal, and the Daily Mail. (Attached hereto as Exhibit 1 is a copy of the New York Post, The Real Deal, and Daily Mail Articles). Despite the fact that the allegations contained within the Complaint are unfounded and wholly untrue, Defendant has already been named and branded as a violent, abusive rapist in multiple publications still available today on the Internet.

These resulting news stories all name Defendant but fail to identify Plaintiff. So, as Plaintiff remains anonymous after falsely accusing Defendant of horrendous crimes, which are completely unfounded, the Defendant's reputation suffers from these accusations. That Plaintiff has and likely will continue to use a pseudonym status to stage a one-sided publicity campaign is a reason that weighs against granting her motion. See *N.C. Cent. Univ.* 1999 U.S. Dist. LEXIS 9804, *11-12; see also *Shakur,* 164 F.R.D at 361.

In support of her motion, Plaintiff argues that Defendant will not be prejudiced because they know Plaintiff's identity and can therefore prepare a defense. This is an oversimplified argument. On balance, the prejudice factor clearly weighs against permitted Plaintiff to proceed pseudonymously.

## IV. THIS IS NOT A CASE IN WHICH THE PUBLIC'S INTEREST IN KNOWING PLAINTIFF'S IDENTITY IS "ATYPICALLY WEAK"

Factors five, eight, and nine[2] of the *Sealed Plaintiff* test go to the public interest in knowing the Plaintiff's identity and weigh in favor of denying Plaintiff's motion.

This action involves private parties. This is therefore unlike a suit against a government entity. Where a party's action against such an entity seeks to declare a law or regulation invalid, there is less public interest in open judicial process. *Del Rio*, 241 F.R.D. at 158; *N.C. Cent. Univ.*, 1999 U.S. Dist. LEXIS 9804, at *10; *see also Cuomo*, 2013 U.S. Dist. LEXIS 40899, *23 (N.D.N.Y. Feb. 25, 2013) (finding a plaintiff's suit involving purely legal issues regarding the validity of a sex offender-related law was not of general public interest, weighing in favor of anonymity). Private civil suits, on the other hand, "not only advance . . . private interests, but also further the public's interest in enforcing legal and social norms," and, "with regard to [these] particular actions and incidents, open proceedings . . . serve the judicial interest in accurate fact-finding and fair adjudication." *Del Rio*, 241 F.R.D. at 159; *see also Delta Airlines, Inc.*, 2015 U.S. Dist. LEXIS 134911, *5. Thus, where a party challenges an abstract legal norm, he or she may be entitled to more anonymity than a party challenging a specific individual or entity and their actions. *Compare Cuomo*, 2013 U.S. Dist. LEXIS 40899 (finding less public interest where plaintiff challenged a particular statute, not his status or conviction as a sex offender), *with Del Rio*, 241 F.R.D. at 159 (finding stronger public interest where plaintiffs challenged the specific actions of specific police officers).

---

[2] We note that the tenth factor is inapplicable here. The tenth factor considers whether there are alternatives to protect the party's confidentiality. This is a case in which the Defendants know Plaintiff's identity, and, therefore, the relief Plaintiff seeks is to maintain his anonymity with respect to the public, not the Defendants.

Plaintiff claims that since this matter does not involve government actions or any changes in public or governmental policy, there must be a weak public interest in revealing Plaintiff's identity. That is simply not true, as evidenced by the multitude of mainstream media that have covered this case, plastering Defendant's name, personal information, and photograph on the Internet. There is clearly a strong public interest in revealing Plaintiff's name, as she has done to Defendant in such a blatant and extraordinary manner.

## CONCLUSION

The factors enumerated by the Second Circuit in *Sealed Plaintiff* weigh against granting Plaintiff's motion. There is a strong and abiding presumption in favor of open judicial proceedings that cannot and should not be lightly put aside. Almost any litigant could claim that aspects of a judicial proceeding may embarrass him or her, and presumably every litigant (plaintiffs and defendants) feel wrongfully accused of alleged misdeeds. Here, Plaintiff has chosen to avail herself of the judicial process by initiating this Action, and has not demonstrated the kind of unique and extraordinary facts that justify proceeding pseudonymously. As a result, Defendant respectfully requests that his Motion to Reconsider be granted in its entirety and Plaintiff be compelled to reveal her identity.

**Dated: New York, New York
February 25, 2016**

                                      **Respectfully submitted,**

                                      **NESENOFF & MILTENBERG, LLP**
                                      *Attorneys for Defendant*

                                **By: /s/ Andrew T. Miltenberg_____**
                                       **Andrew T. Miltenberg, Esq. (AM 7006)**
                                       **Philip A. Byler, Esq. (PB 1234)**
                                     **Diana R. Zborovsky, Esq. (*admission pending*)**
                                            **363 Seventh Avenue, Fifth Floor**
                                            **New York, New York 10001**
                                            **(212) 736-4500**
                                            **amiltenberg@nmllplaw.com**
                                            **pbyler@nmllplaw.com**
                                            **dzborovsky@nmllplaw.com**