```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JANE DOE,                                                         :
                                                                  :
                         Plaintiff,                               :      15-CV-7726 (JMF)
                                                                  :
            -v-                                                   :      ORDER
                                                                  :
                                                                  :
STEVEN KOGUT,                                                     :
                                                                  :
                         Defendant.                               :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On October 20, 2015, the Court issued an Order granting Plaintiff leave to proceed pseudonymously. (Docket No. 8). In light of the fact that Defendant had not yet appeared at the time that Plaintiff's motion was granted, the Court indicated that Defendant could move for reconsideration of that decision after entering a notice of appearance. (*Id.*). On January 12, 2016, Defendant entered a notice of appearance (Docket No. 11) and on February 25, 2016, he filed a motion seeking reconsideration of the Court's Order. (Docket No. 18).

Upon review of the parties' submissions, Defendant's motion is DENIED. "[T]he standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *cert. denied*, 133 S. Ct. 1805 (2013). Defendant comes nowhere near meeting that standard.[1] In

---

[1] Even if the Court were not to apply the strict standard applicable to reconsideration motions (in view of the fact that Defendant did not have an opportunity to oppose Plaintiff's motion in the first instance), his motion would fail. More specifically, if Defendant had filed his

particular, Defendant says nothing to call into question the Court's observation that many courts in this circuit have held that alleged victims of rape or sexual assault have a strong, particularized interest in proceeding anonymously.  *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (citing cases).  Nor does Defendant point to any authority that would undermine the Court's conclusion that the public's generalized interest in scrutinizing judicial proceedings is outweighed or at least counterbalanced in this case by a more particularized interest in encouraging alleged victims of sexual assault to come forward to report crimes of sexual violence.  *See id.* at 195-96.  In light of those two factors, the Court concludes that Defendant's remaining arguments are inadequate to tip the balance against allowing Plaintiff to proceed pseudonymously, at least at this stage of the proceedings.[2]

       The Clerk of Court is directed to terminate Docket No. 18.

       SO ORDERED.

Dated: March 29, 2016
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

---

present memorandum of law in opposition to Plaintiff's initial motion, the Court would still have allowed Plaintiff to proceed pseudonymously.

[2]    The Court cannot help but note with irony that defense counsel previously moved for (and was granted) leave to proceed pseudonymously in much less compelling circumstances than those presented here.  *See Doe v. Columbia Univ.*, No. 14-cv-3573 (JMF), Docket Nos. 3, 8-9.