DAVID HOROWITZ, P.C.
COUNSELOR AT LAW
171 MADISON AVENUE, SUITE 1300
NEW YORK, NEW YORK 10016
T#: 212-684-3630
F#: 212-685-8617

October 18, 2016

Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

                        Re: <u>Jane Doe v. Steven Kogut</u>
                           Docket Number: 15-CV-7726 (JMF)

Dear Judge Furman:

    As you know, this firm represents the Defendant in the above reference matter. I write this letter to advise you of the disquieting events that took place on Friday, October 14, 2016; the particulars of which are spelled out below, as well as to request, in light of said events, that all future proceedings take place in the Courthouse.

    On October 14, 2016, the non-party deposition of the Defendant's daughter was to commence at 10:00 am at the Law Offices of the Derek Smith Law Group. I arrived at Plaintiff's counsel's office building on the morning of October 14, 2016, at approximately 9:55 am. As I approached the security desk to sign in, I could clearly hear the Plaintiff instructing the security guards not to allow Mr. Kogut into the building. The security personnel at the desk, being fully aware of the events that transpired on October 11, 2016, expressed their concerns to me about Mr. Kogut appearing at the deposition. While the guards were conferring among themselves as to how best to handle the situation, I immediately called Mr. Kogut and advised him and his daughter to refrain from appearing at the deposition until I had a chance to sort things out.

    Thereafter, I took the elevator to the Law Office of the Derek Smith Law Group and advised both Mr. Holzberg, Esq. and Mr. Smith, Esq. what had transpired in the lobby. During my conversations with Mr. Holzberg, Esq., Plaintiff demonstrated some rather unusual behavior: yelling, pacing back and forth in the waiting area of Mr. Smith's offices and crying. The Plaintiff insisted that she have her "bodyguard" present during the deposition, as she "feared for her life." During this time, I was able to assuage the concerns of the security personnel by showing a member of the security detail a copy of your Order dated October 11, 2016. I then called Mr. Kogut and his daughter and advised them both that they should make their way over to Mr. Smith's office so that we may proceed with the deposition. While waiting for Mr. Kogut

and his daughter to arrive a man eventually showed up at Mr. Smith's offices who Plaintiff proclaimed to be her "bodyguard." Plaintiff insisted that the "bodyguard" be present during the depositions. I objected to his presence at the deposition. The matter was resolved by Your Honor, and the deposition of Defendant's daughter proceeded with the "bodyguard" sitting outside the conference room in the waiting area. Notwithstanding, Mr. Kogut and I were left to wonder exactly who was the "bodyguard" and whether the "bodyguard" was armed. Nevertheless, we proceeded forward and felt it best to raise this issue with the Court later on.

As if the "bodyguard" issue was not enough, sometime before the deposition commenced, Plaintiff asked all present in the conference room if we had seen her i-phone. I indicated to the Plaintiff that I had not seen her i-phone. Plaintiff then requested assistance in locating same and the court reporter and I looked around the conference room but did not see Plaintiff's phone. Plaintiff became increasingly agitated over her inability to locate her phone, eventually accusing me later in the day of stealing her phone and threating me that she would call the police unless I handed it over. I told the Plaintiff to do what she thought she had to do. To my knowledge, the phone was never located and the police were never called. Plaintiff's histrionics did not end there.

During one of the numerous breaks taken during the deposition, it became apparent to me that Plaintiff was leaving another phone in her possession in the conference room while she and her attorneys went to an office to confer. This struck me as odd, since every time Plaintiff left the conference room she would take all of her belongs with her, except for the one phone left on the conference room table. During one such break, after Plaintiff and her attorneys left the room, I reached across the table and turned over the phone left behind by Plaintiff, to find out that my suspicions were indeed correct: Plaintiff was recording my conversations with Defendant while she was outside of the conference room. My revelation was placed on the record. Plaintiff denied recording my conversations with Defendant and his daughter and with the help of Plaintiff's counsel we were able to proceed with the non-party deposition.

As if things could not get any worse, during another break, Plaintiff outside the presence of her counsel began reciting the operative paragraphs of the order of protection that she had obtained on October 7, 2016, against Mr. Kogut, proclaiming that I had violated the order and that she would have me arrested. After announcing her intentions, Plaintiff then dialed 911. I immediately brought this to the attention of Mr. Holzberg and Mr. Smith who assured me that if the police arrived they would intercede. The police never arrived and once again we were able to proceed with the deposition; ultimately concluding same shortly before 5 pm.

I must underscore the fact that Plaintiff's counsel tried their very best to keep the peace and complete the deposition. Notwithstanding their efforts, Defendant and I are very concerned that Plaintiff may accuse either of us falsely as a pretense for our arrest. Accordingly, it is respectfully requested that all further proceedings, specifically the depositions of Arielle Kogut, Jaclyn Kogut and Dr. Gerald Bryant take place in the Courthouse; and that the Court order that the aforementioned depositions be held on dates specific.

Pursuant to Your Honor's Individual Rules and Practices in Civil Cases Rule (2)(C) we respectfully request an informal conference to address the issues raised herein.

I thank you for your attention to this matter.

        Respectfully submitted,

        DAVID HOROWITZ, P.C.
        Attorneys for the Plaintiff
        By: /s/ Christopher S. Joslin (3246)
            171 Madison Avenue, Suite 1300
            New York, New York 10016
            Tel: (212) 637-2677
            Fax: (212) 685-8617

CJ:em