```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

JANE DOE,

                Plaintiff,

        v.                              15 CV 7726 (JMF)

STEVEN KOGUT,

                Defendant.

------------------------------x
                                        New York, N.Y.
                                        September 14, 2016
                                        4:55 p.m.
Before:

                HON. JESSE M. FURMAN,

                                        District Judge

                    APPEARANCES

ZACHARY HOLZBERG
     Attorney for Plaintiff

CHRISTOPHER JOSLIN
     Attorney for Defendant
```

1                (Case called)

2                THE COURT:  Good afternoon.  Mr. Joslin, welcome to
3    the party.

4                MR. JOSLIN:  Thank you, your Honor.  Good to be here.

5                THE COURT:  A couple of things to take care of.  The
6    plaintiff by letter dated August 31 had raised two issues, an
7    authorization issue and the depositions of Mr. Kogut's
8    daughters.  I had ordered that Mr. Kogut provide signed
9    authorizations by this past Monday.

10               Let me check first on that, Mr. Holzberg.  Has that
11   been accomplished?

12               MR. HOLZBERG:  Yes, your Honor.  We received them in
13   advance of that date.

14               THE COURT:  So that was done.  Any development on the
15   deposition front?

16               MR. HOLZBERG:  Yes.  Counsel and I --

17               THE COURT:  If you can speak into the microphone and
18   preferably stand.

19               MR. HOLZBERG:  Yes.  I apologize.

20               Counsel and I have discussed dates, and tentatively,
21   we have scheduled the deposition of two of Mr. Kogut's
22   daughters for October 11, and the other will be on October 13,
23   if that's okay with your Honor.

24               THE COURT:  That's a little indulgent, given that when
25   counsel withdrew in this case I think you had 20 days before

1    your joint pretrial order was due.

2             Let me hear from Mr. Joslin.

3             MR. JOSLIN:  Your Honor, I looked at the case

4    management plan.  What I'm going to attempt to accomplish, with

5    respect to any and all outstanding discovery, is to complete it

6    and file our joint pretrial order as scheduled on October 25.

7             I've spoken with counsel to the plaintiff.  He is in

8    agreement there is no reason why we can't accomplish what we

9    need to accomplish with respect to depositions, expert

10   discovery, expert depositions, and get it done prior to the

11   25th.

12            I see your Honor's expression when I said experts.  I

13   noticed in your order that the expert section was crossed out

14   and you actually initialed it.  When I had my first

15   conversations with plaintiff's counsel, I asked him about any

16   expert disclosures that may have been made before my retention,

17   and I must advise the Court that I have yet to receive my

18   client's file from his previous attorneys.  That's the subject

19   of another discussion.

20            Counsel advised me that there had been an exchange of

21   which he provided me a copy of a Gerald Bryant who is a

22   psychologist who examined the plaintiff.  In fact, there was

23   Rule 26 disclosure made.  I don't know if it was in

24   contravention of that order.  I wasn't here at the time that

25   order was entered into.  So I don't know what the Court

1  contemplated when you struck out that paragraph.

2  But I told counsel that in fact we were only going to
3  have expert disclosures and discovery. My expert is prepared
4  to examine the plaintiff on October 4 and October 5 and turn a
5  report around so I can do my disclosure pursuant to Rule 26
6  prior to the date that your Honor has set --

7  THE COURT: Let me interrupt. That is not happening.
8  I was very clear that when defense counsel withdrew from this
9  case and Mr. Kogut made some noises about additional discovery
10 that he thought needed to be taken, that discovery, as far as I
11 was concerned, was over with the limited exception of the
12 discovery that I allowed the plaintiff to pursue after that
13 date, namely, the depositions of Mr. Kogut's daughters for
14 reasons that we addressed in a prior conference.

15 The deadline came and went. What I did with respect
16 to the expert discovery was because at the initial conference,
17 based on the discussions with counsel, it was clear to me that
18 there was likely not to be any need for expert discovery in
19 this case based on what counsel represented that they needed in
20 this case, and I said there is not going to be any expert
21 discovery, but that's without prejudice to the parties seeking
22 an extension for that purpose before the deadline of discovery.

23 That deadline has come and gone. I recognize that you
24 were not counsel at that time. The fact of the matter is
25 you're stuck with whatever record was created by your

1  predecessor, and the fact that Mr. Kogut didn't want his prior
2  attorneys or they didn't want to continue working with him does
3  not entitle him to reopen discovery and do all sorts of things
4  that his prior attorneys didn't do.
5          So that's the way it works.  The fact that you're new
6  to this doesn't mean that if you're going to come in and tell
7  me that you need X, Y, and Z, you're going to get X, Y, and Z.
8          We're going to take the depositions of Mr. Kogut's
9  three daughters, you're going to submit the joint pretrial
10 order, and then barring a settlement, we're going to trial, and
11 that's what's going to happen.
12         MR. JOSLIN:  Your Honor, just so I understand what
13 transpired before I was retained with respect to expert
14 discovery, was there a deadline set?
15         The case management order had that stricken.  I did
16 not see, when I went on Pacer, trying to get a sense as to what
17 transpired before my retention, an order issued by your Honor
18 allowing expert discovery to go to a certain point because this
19 disclosure that was made by plaintiff's counsel was done at the
20 end of July of this year.
21         THE COURT:  If you think you have a valid basis to
22 move in limine to preclude some sort of evidence based on the
23 fact that it was not properly disclosed or what have you, you
24 can make that motion.  The fact of the matter is it doesn't
25 entitle you to reopen discovery.

1          MR. JOSLIN:  I understand your Honor quite clearly.  I
2    was just trying to get a sense of whether or not your Honor
3    actually set a timeframe by which expert disclosures were to be
4    done.
5          THE COURT:  I set no expert discovery without
6    prejudice to your making an application for an extension of
7    discovery for that purpose.  No one ever did that.  As far as
8    I'm concerned, there was no expert discovery to be done in this
9    case.
10          Now, I don't know what you're talking about, whether
11    this person is a treating physician and, therefore, might not
12    necessarily require disclosure as an expert or what have you.
13    You may have a valid basis to preclude the testimony of that
14    person.
15          MR. JOSLIN:  I'll deal with it at that time.
16          THE COURT:  So, as far as I'm concerned, the only
17    thing for me to be done are the depositions of the daughters
18    and the filing of the joint pretrial order and trial.
19          MR. JOSLIN:  That's it.
20          THE COURT:  Very good.  Where do you come up with this
21    October 25 proposal deadline?
22          MR. JOSLIN:  The October 25 deadline I believe is what
23    you set in your case management order for the filing of the
24    joint pretrial order.
25          THE COURT:  Can you remind me where I did that.  My

1  recollection is I had set --
2            MR. JOSLIN:  Maybe that came in a subsequent order,
3  your Honor.  I think it came in a subsequent order wherein you
4  said the joint pretrial order needed to be filed by October 25.
5            THE COURT:  Actually, it was October 15.  So you're
6  right.  I did set a deadline, but it wasn't October 25.
7            MR. JOSLIN:  We'll be ready on that date.
8            THE COURT:  Where does that leave us with respect to
9  the depositions?  They're going forward on October 11 and 13?
10           MR. JOSLIN:  I don't see why the conducting of the
11 depositions on those dates would bar us from filing a joint
12 pretrial order two days later.
13           THE COURT:  I wouldn't think so since they were
14 supposed to be completed by September 2 and the joint pretrial
15 order filed by September 6.  So it's sort of replicating what
16 is to be done anyway.
17           MR. JOSLIN:  Right.
18           THE COURT:  Mr. Holzberg is nodding his head.  Very
19 good.  You guys should be prepared to go to trial approximately
20 two weeks after the filing of your joint pretrial order.
21           I'm noting that October 15 is actually a Saturday.
22 So, strictly speaking, you have until October 17.  You get a
23 few extra days in there.  I will tell you I'm away much of the
24 week of October 31.  So you're not going to go to trial that
25 week.  You can and should be prepared to go to trial in the

1  beginning of November.
2         Any guess as to how long a trial in this matter would
3  likely take?  Mr. Holzberg?
4         MR. HOLZBERG:  I would anticipate several days,
5  your Honor.
6         THE COURT:  "Several" meaning three or "several" ten?
7         MR. HOLZBERG:  Three or four.
8         THE COURT:  Mr. Joslin?
9         MR. JOSLIN:  I think five days is probably about
10 right.
11        THE COURT:  Very good.  So I'm not going to schedule
12 anything until you have filed your joint pretrial order, at
13 which point I will promptly schedule a final
14 pretrial conference and give you a trial date and a better
15 sense of when trial is.  But you should anticipate either
16 November 7 or 14th or thereabouts for picking a jury and going
17 to trial.
18        Now, the last question is I know you have given your
19 shots at settlement in this case with the assistance of
20 Magistrate Judge Netburn.  Obviously, there is new counsel
21 involved.  I don't know if that changes the picture on that
22 front.
23        Is there anything that I can do to help you?
24        MR. JOSLIN:  Your Honor, at this point, I'm unable to
25 get possession of my client's file.  Prior counsel is claiming

1  a lien for services rendered. There is an outstanding invoice
2  of some $34,000 that they claim is due and owing for services
3  rendered during their representation of Mr. Kogut.
4          I've had a number of conversations with members of the
5  firm trying to figure out a way to address their lien and also
6  get possession of the file so as not to in any way prejudice my
7  client's defense.
8          My client is willing to go to binding arbitration,
9  which is the remedy that is spelled out in the retainer
10 agreement. There had been some negotiations.
11         The Milton Berg firm has agreed to accept $20,000 in
12 satisfaction of their claim for legal fees. My client has
13 countered with $10,000. I think we've reached a bit of an
14 impasse. I'm not sure how best to proceed with getting my
15 client's file.
16         Obviously, the depositions that are scheduled
17 following the joint pretrial order is not something that I need
18 the file to do. I have been able to piece a lot of that back
19 together. Certainly in preparing for trial that file is going
20 to be critically important. I'm not sure at this point of the
21 jurisdiction to deal with this issue.
22         THE COURT: I'm not sure about it either. I was
23 looking as you were speaking, because I do not recall any
24 reference to retaining a charging fee in connection with the
25 motion to withdraw.

1         I do not see any reference to it, and local Rule 1.4

2    does require a showing, by affidavit or otherwise, about

3    whether or not the attorney is asserting a charging lien.

4    Perhaps in retrospect, I should have elicited that information.

5         I don't know if by virtue of not having sought the

6    lien that is the end of the matter as far as I'm concerned.

7    There may be a contract issue here in state court.  I don't

8    know what, if any, authority I have here.

9         MR. JOSLIN:  I didn't see it.  I looked back at your

10   order discharging the Milton Berg firm to see if there was any

11   provision made for obtaining a charging lien.  I did not see

12   any.

13        I don't know exactly what the import of that is with

14   respect to your Honor's ability to order the file to be turned

15   over since outgoing counsel didn't ask or seek that remedy.

16        THE COURT:  I don't know either.  You're going to have

17   to look into it.  To the extent that you need any of the

18   materials to prepare for the joint pretrial order or for trial,

19   it's incumbent upon you to seek whatever relief you need sooner

20   rather than later.

21        MR. JOSLIN:  Obviously.

22        THE COURT:  You know how and where to find me.  If

23   there is anything I can or should do, you can tell me what you

24   think that is, and I'll take it from there.  It's incumbent

25   upon you to resolve it sooner rather than later.

1    I'm not going to adjourn the trial based on this issue

2 being resolved. When push comes to shove, these are all agents

3 of Mr. Kogut. He's going to have to work it out or seek

4 whatever relief he needs and he's entitled to in an expeditious

5 fashion.

6    MR. JOSLIN: Your Honor, would I have an opportunity

7 to submit a memorandum to the Court addressing this issue?

8    THE COURT: As I said, I'm not going to set a deadline

9 for it, nor am I adjourning trial. To the extent you need it,

10 it is incumbent that you seek it sooner rather than later if

11 there is a basis to get relief from me.

12    The ball is in your court, not mine. If you think

13 there's something to be done, you can bring an application to

14 me. If you can work it out without the need for that, all the

15 better.

16    If you have other remedies in state court or

17 elsewhere, you can and should proceed with those. I'm just

18 giving you a very clear warning that the trial date is going to

19 hold.

20    MR. JOSLIN: I understand. Thank you.

21    THE COURT: The last thing I want to say is -- I'm not

22 sure you answered my question about settlement. The joint

23 pretrial order deadline is also the deadline for the filing of

24 motions in limine.

25    Based on Mr. Kogut's conference, the last conference

1  or the conference before that -- I can't remember -- it sounds
2  to me like there are some issues here that might warrant
3  discussion, shall we say, with respect to other acts, alleged
4  accounts, either on the part of him or on the part of
5  plaintiff.
6          I think you guys should just discuss those and figure
7  out to the extent those issues should be briefed and
8  adjudicated before trial. As you will see, if you read my
9  individual rules, which you should do if you haven't already,
10 once the trial starts, I'm not interested in delays, and I
11 don't want to be resolving complicated legal issues while the
12 jury is sitting in the box.
13         If you can anticipate those sorts of issues,
14 for example, if there's an allegation that the plaintiff has
15 done this sort of thing before and this is his modus operandi
16 and there's a question about the admissibility of that
17 evidence, that's the kind of thing that I expect you guys to
18 spot in advance of trial and bring that to my attention in the
19 appropriate fashion.
20         So that's the deadline for motions in limine. I just
21 wanted to flag that my hope is that you guys would work
22 together professionally to figure out what needs to be briefed
23 and to brief it in the appropriate fashion.
24         MR. JOSLIN: Your Honor, with respect to certain
25 allegations made in the claim that may be barred by statute of

1  limitations, can we bring that to the Court's attention?

2  My intent here is to confer with counsel and point
3  those out and see if we can enter into a stipulation as to the
4  continuous claims of prejudice. If we run into an agreement,
5  would that be something we can address your Honor on in a joint
6  pretrial order?

7  THE COURT: Either a joint pretrial order or a motion
8  in limine filed at the same time. I would ask you to confer
9  with one other first about these sorts of things because if it
10  turns out that there is agreement, then it will save you time
11  briefing the issue, and it will save me time reading your
12  briefs, if you can head some of these off by simply having a
13  conversation and being collegial in that regard.

14  If not, there may be legitimate legal disagreement
15  about the admissibility of X or Y or the timeliness of A or B.
16  You should take that up with me in the appropriate fashion. I
17  want to make sure that that's done with enough time for me to
18  resolve it before trial starts.

19  That brings me back to the question of settlement.
20  Again, you've given it a shot. I'm not inclined to bother
21  Judge Netburn unless something has changed and you think there
22  is a legitimate reason to think that this case may be settled.
23  If there's anything I can do to help you get across that line
24  and obviate the need for trial, I'm certainly open to doing it.
25  Any thoughts on that?

1         MR. HOLZBERG:  Yes, your Honor.  Previously the
2  settlement discussion ended.  Our position was a demand --
3         THE COURT:  I don't want to know the particulars
4  unless both sides consent to my participating in this.  It's
5  not clear to me it should be on the record.  So don't get into
6  the particulars of the amount of money and so forth.
7         My question is a simple one.  Is there anything that I
8  can do, either personally -- I'd be willing to have a
9  settlement conference if you think it could actually resolve
10 it -- or through some other means, through asking Judge Netburn
11 to assist.
12        Is there anything I can do to help you, or have you
13 done what you can do and are we just looking at trial?  I'm
14 more than happy to try the case.  I don't have enough trials as
15 far as I'm concerned.
16        MR. HOLZBERG:  I believe that your Honor would be able
17 to provide assistance in that matter.
18        THE COURT:  Mr. Joslin, do you have thoughts on that?
19        MR. JOSLIN:  Your Honor, what I'd like to do is get
20 the joint pretrial order submitted to the Court on the 17th.  I
21 think that will drill down and focus both of our respective
22 clients on what may actually happen at trial.
23        There are lots of allegations here, some of which I
24 don't believe could go before the jury because they're beyond
25 the statute of limitations.  There are motions in limine with

1  respect to experts and whatnot.  Your ruling may or may not be
2  with respect to admissibility of certain evidence concerning
3  emotional distress.
4        I would like to be able to have that exchange done and
5  have a meaningful discussion with plaintiff's counsel as to the
6  merits of what may be remaining and what the value of that may
7  be.  And then shortly thereafter, before your Honor sets a
8  trial date, we can come back and talk about it.
9        THE COURT:  Why don't you do this:  That makes sense
10 to me.  I think it might make sense to have you guys go through
11 an exercise to have you guys figure out where things stand, and
12 it will give you a better sense of the strength of your
13 prospective cases as well.
14       Why don't you simultaneously with the filing of a
15 joint pretrial order and everything else you need to file -- I
16 would require you to read with careful my individual rules
17 practices that spell out what you need to file on that
18 deadline.
19       Why don't you file a joint letter on that same day
20 separate from the joint pretrial order just so it's a little
21 bit more conspicuous, a joint letter advising me what, if
22 anything, I can do to facilitate settlement, up to and
23 including presiding over a settlement conference myself.
24       I'll tell you that my schedule will fill up between
25 now and then.  So it may well be that if you wait that long, I

1  just simply won't have time before the trial is scheduled to
2  start.
3           I'll obviously do what I can.  It would save me time
4  to settle the case rather than have a trial.  If I can do it,
5  I'll do it.  If that's something you think would be worthwhile,
6  I will certainly consider it.
7           I don't want to do it unless both sides think there's
8  a meaningful possibility of settlement.  I'm not interested in
9  wasting my own time, let alone yours.  As I said, I don't have
10 enough trials, as far as I'm concerned.  So I'm happy to let
11 the case proceed in that direction.
12          MR. JOSLIN:  Considering what you've just said,
13 your Honor with respect to you schedule filling up, is there
14 any prohibition to filing a joint pretrial order a little bit
15 earlier to avoid the problems in terms of time?  And this way,
16 if we feel there may be something the Court can do to
17 facilitate a resolution, we're not against it or we're not able
18 to do it because we're not able to get your Honor's
19 availability squeezed in.
20          THE COURT:  One complication here which is that the
21 depositions of the daughters aren't scheduled until October 11
22 and 13.  The short answer to your question is no.  You can file
23 it any time before October 13.
24          That's just a deadline.  If you want to file it
25 sooner, file it sooner.  We can have this conversation sooner.

1  All the better for you and for me.  I don't know how the
2  depositions figure into that.  It may be that you can move
3  those up as well, or it may be that you can do the vast
4  majority of your preparations and the joint pretrial order
5  without the need for those depositions and you can simply plug
6  those in afterwards.
7              The other possibility, as far as I'm concerned, would
8  be to file the joint pretrial order and then to supplement that
9  based on the depositions of the daughters if you think that's
10 appropriate.
11             I'll leave it to you guys to talk those things through
12 understanding that we are on a clock here and you have a
13 schedule.  As you've seen, I'm a big fan of adhering to my
14 schedule.
15             Anything else, Mr. Holzberg?
16             MR. HOLZBERG:  No, your Honor.
17             THE COURT:  Mr. Joslin?
18             MR. JOSLIN:  That's it, your Honor.  Thank you.
19             THE COURT:  All right.  We are adjourned.  Thank you
20 very much.
21             (Adjourned)
22
23
24
25