# EXHIBIT "A"

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release (Hereinafter "Agreement") is entered into by, between and among ▮▮▮▮▮▮▮ and Steven Kogut (the parties) and for all of their respective successors, assigns, agents, attorneys, employees, representatives, heirs, beneficiaries, executors and administrators.

**WHERE**        ▮▮▮▮▮▮▮ and Steven Kogut are parties to lawsuits that were pending in the United States District Court for the Southern District of New York, captioned *Jane Doe v. Steven Kogut* and *Steven Kogut v. Jane Doe.*, bearing Civil Action Numbers 15-CV-07726 and 16-CV-07816 respectively (Hereinafter the "Litigation"); and

**WHEREAS**, by this Agreement, the parties intend to permanently resolve all existing and potential disputes and claims among them, including but not limited to those that are or could have been the subject of the Litigation, and to avoid the costs to each of them associated with involvement in further or future litigation.

**NOW THEREFORE**, in consideration of the mutual promises hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties mutually agree as follows:

1.      **PAYMENT:**  Steven Kogut shall pay to counsel for ▮▮▮▮▮▮▮, in full and final satisfaction and settlement of all claims, known and unknown, asserted and unassisted, the total amount of Ten Thousand Dollars Dollars ($10,000.00) within 21 days of receipt by Mr. Kogut's counsel of the settlement agreement and release. ▮▮▮▮▮▮▮ acknowledges that she has received good and valuable consideration in full and final satisfaction for entering this Agreement.  In consideration of the payment herein, ▮▮▮▮▮▮▮ will withdraw her petition in the New York State Family Court which seeks to convert a temporary restraining order into a permanent restraining order within ten (10) days of execution of the settlement agreement and release and have her attorney advise counsel for defendant within three (3) days that the Family Court petition has been withdrawn. In further consideration in full and final satisfaction and settlement of all claims (known and unknown) ▮▮▮▮▮▮▮ will not seek anything further including any other payment from Steven Kogut other than what is identified below.

2.      **RELEASE:**  The parties hereby release, give up and forever discharge any and all rights, claims, and causes of action that they have and/or may have against: (1) ▮▮▮▮▮▮▮, (2) Steven Kogut, (3) their agents, representatives, attorneys, successors and assigns.  This releases all claims, including those of which the parties are not aware and those not mentioned in this Release.  This Release applies to claims resulting from anything which has happened up to now.  In addition, the parties specifically release the following:

Any and all claims and causes of action seeking compensation and/or other relief, that are or could have been the subject of the "Litigation" or arise out of or are related to the subject matter of the "Litigation", for any and all, past, present or future, actual and alleged, known and unknown, foreseen and unforeseen, bodily injuries, personal injuries, physical and mental pain and suffering, psychological

injuries and damages, emotional distress, loss of consortium, services or society, medical care and associated medical expenses, loss of wages, economic damages, defamation, RICO, compensatory damages, punitive damages, attorneys' fees, experts' fees, litigation expenses and costs, any and all derivative claims of any nature, and any and all other damages or injuries of any sort, now or in the future, including but not limited to any development, whether foreseen or unforeseen, which may relate to the life, death, or reduced life expectancy of the parties, including, but not limited to any future claim for Survivorship and/or Wrongful Death by the parties heirs and/or beneficiaries, any and all potential damages which could possibly be recovered pursuant to any legal authority that, absent this Release, might permit the parties or any other person authorized by law to make such a claim or claims.  It is expressly understood that this Release is for the settlement, release, discharge and elimination of any and all such claims.  The Parties hereby acknowledge that, by executing this Release and accepting the monies paid to [REDACTED] by Steven Kogut, those who otherwise might be entitled to make a claim or claims in the future, such as their heirs or beneficiaries, have received fair, just and adequate compensation for all such claims in exchange for which all claims and causes of action, past, present and future, are forever released and discharged.

This Release also specifically releases and discharges all claims and causes of action asserted or that could have been asserted, past, present or future, in the "litigation" or other proceedings arising out of or relating to the incidents occurring that for the basis of the "litigation".  The parties also release and discharge any and all claims and causes of action based on all theories of liability, damages and relief, whether statutory, at common law or in equity, including those for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault and battery, Civil RICO, fraud, civil conspiracy, loss of consortium, strict liability, and for any liability based on a violation of any statute or regulation, for any liability or claim for compensatory, economic, non-economic and punitive damages that were alleged, or could have been alleged, in the Litigation or may develop hereafter.  Even if additional facts become known which were not known at the time this Release was executed, the parties waive their rights to bring any claim, lawsuit or other proceeding against the above parties.

3. **NO ADMISSION OF LIABILITY:**  It is expressly understood that this Release and payment, and the confidential compromise settlement for which it is provided, does not and shall not constitute or be construed to constitute an admission of liability on the part of the parties, or that any act or omission on the part of the parties in any way caused or contributed to any injuries and/or damages allegedly suffered by the parties.  No admission of liability is intended nor should it be inferred.  Any payment is made in settlement of a disputed claim to save further costs of litigation and it is not, nor shall it be construed as an admission as to any of the allegations made in either of the complaints, or any amendments thereto.  The parties continue to deny any and all liability, responsibility and/or fault for any injury or damage alleged, and by this compromise intends merely to avoid litigation and to buy their peace.

4. **NON-DISCLOSURE:**  As additional consideration for the payment represented by this Release, the parties further understand and agree that neither of the parties, nor any agents, servants, attorneys or representatives of the parties shall, in any way, at any time, disclose for any reason or purpose whatsoever to

any other person or entity either the fact of this settlement, the terms of this settlement, the facts underlying the claims and causes of action leading to this settlement, or the consideration, compensation and settlement reached with the respective parties. Further, any relatives with present knowledge of the Litigation or settlement will be told to maintain and abide by the confidentiality and non-disclosure provisions of this Agreement. This settlement and its contents shall remain **CONFIDENTIAL** and shall not be disclosed to any third-party whatsoever, except the parties counsel, accountants, financial advisors, tax professionals, any federal, state or local government taxing or regulatory agency/ authority, management, insurers, reinsurers, and auditors, or except as required by law or order of the court.  Neither of the parties or their attorneys shall expressly or implicitly, by oral, verbal, or any other means, conduct, commission, or omission, reveal or disclose the terms, conditions or amount of this settlement, or the circumstances relating to the events and allegations leading up to or asserted in the Litigation, to any person or entity, and the parties shall not take any action or inaction calculated to lead to such a revelation or disclosure, other than to advise the court that a settlement of claims has been reached. The parties acknowledge and agree that a material component of this Agreement are the obligations of non-disclosure and confidentiality set forth in this section, that the parties are relying on this provision in entering into this Agreement, and that any violation of this section shall be considered a material breach of this Agreement and the parties shall have all remedies available to them in law and in equity, and in the event of a breach of this non-disclosure provision. The parties shall also be entitled to an award of their attorneys' fees, costs and expense. This representation and warranty of non-disclosure shall survive consummation of this settlement and Agreement.

Nothing in this Section shall limit the parties right to confer with legal counsel, immediate family, tax advisors, physicians or accountants or to testify truthfully or to provide truthful information or cooperate with any investigation conducted by a federal, state or local administrative or law enforcement agencies. Further, the parties agree that if served with a subpoena or court order to disclose the terms of this Agreement or settlement, they will give at least ten (10) days notice to the respective party prior to any disclosure in the event that that party may want to file an objection to such disclosure. No disclosure shall occur if the effected party moves to quash the subpoena or otherwise perfect an objection, unless the effected party is ordered to make a disclosure by a court.

5.  **NON-DISPARAGEMENT:**  The parties and any agents, servants, attorneys or representatives of the parties, shall not and will not make any statement or communicate to any third party any information which has the purpose or effect of maligning, impugning or causing harm to the parties whether individually or as a group. Further, any relatives with present knowledge of the Litigation or settlement will be told to maintain and abide by the non-disparagement provisions of this Agreement. The parties acknowledge and agree that a material component of this Agreement are the obligations of non-disparagement set forth in this section, that the parties are relying on this provision in entering into this Agreement, and that any violation of this section shall be considered a material breach of this Agreement and the parties shall have all remedies available to them in law and in equity, and in the event of a breach of this non-disparagement provision, the parties shall also be entitled to an award of their attorneys' fees, costs and expense. This representation and warranty of non-disparagement shall survive consummation of this settlement and Agreement.

The parties agree not to make disparaging communications, statements, representations, remarks or gestures about each other.  Disparagement shall include, but is not limited to: (1)  the making of any negative statements, whether written or oral, about each other, or (2) the making of any communication, statement, representation, remark or gesture that, if publicized or otherwise made known to another, would cause or tend to cause the recipient of the communication, statement, representation, remark or gesture to question the business condition, ethics, integrity, professionalism, competence, good character or quality of the effected party to whom the communications, statements, representations, remarks or gestures relate.  The parties further agree that they will not make any communication, statement, representation, remark or gesture, whether written or oral, or take any action which could reasonably be expected to adversely affect the personal or professional reputation of each respective party.  The parties also agree that if any person or entity inquires about the claims made in this matter, the status of the claim, or the settlement, the response shall be "We have no comment."  Such comment will not cause a breach of the terms of this settlement and agreement as long as the quoted phrase is the sole disclosure.

**6.      MUTUAL STAY AWAY:**  The parties shall, in perpetuity refrain from purposefully engaging in acts or conduct that may lead to interaction, including both physical and virtual conduct.  The parties will also remove any reference fr4o the opposing party on any website they control and provide their respective counsel with information as to when such information was withdrawn.


**7.      NO REPRESENTATIONS**:  It is understood and agreed that, in connection with the negotiation and consummation of this settlement and release agreement, each of the parties has relied and is relying wholly upon their own judgment, beliefs, knowledge, and the advice of their counsel, and has not relied and is not relying upon any statement, representation, or conduct of any other party to this settlement and release agreement or the various representatives, agents, employees, or attorneys of any other party, or any other person or entity.  In executing this Release, the parties acknowledge that they have been and continue to be represented by their own independent attorneys with whom they have consulted, and execute this Release voluntarily, without fraud, duress or undue influence.  Even if additional facts become known that were not known at the time this Release was executed, the parties waive their rights to bring any claim, lawsuit or other proceeding against the above parties.

**8.      ATTORNEYS' FEES, EXPENSES and COSTS:**     The parties shall bear their own attorneys' fees and costs in connection with the Litigation and they acknowledge and agree that they are solely responsible for paying any attorney's fees, Litigation expense and costs they incurred, and that neither party will seek any award of attorney's fees, Litigation expense or costs from the other party unless there is a breach of the settlement agreement and release.

**9.      WARRANTY OF CAPACITY TO RELEASE:** The parties represent and warrant that no other person or entity has or has had any interest in the claims, demands, obligations, or causes of action being released herein, and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any of the rights, claims, demands, obligations, or causes of action released herein.

**10.    WHO IS BOUND:**  The parties are bound by this Agreement.  Anyone who succeeds to the parties' rights, obligations and responsibilities, such as heirs or the executor(trix) of their estate(s), are also bound.  This Agreement is made for the benefit of the parties and all who succeed to the rights, obligations and responsibilities of the parties such as the parties successors, assigns, heirs or the executor(trix) of the parties estate.

**11.    NON-ADMISSIBILITY:**  Neither this Agreement nor its terms, nor any act or omission in its negotiation, execution or performance, shall be admissible or relevant in any law suit or other proceeding; provided however, that this Agreement may be offered by any party in a proceeding to enforce its terms or where required by court order.

**12.    MODIFICATION; NONE DRAFTING PARTY:**  This Agreement represents the entire agreement of the Parties, and may not be supplemented or modified by any statement, act or omission not contained in a writing signed by the parties.  This Agreement may be modified only by a writing signed by all parties, and no waiver, modification, or amendment of this Agreement is valid unless in writing duly signed by all parties.  The parties have been represented by counsel in the negotiation and preparation of this Agreement and have participated jointly in its drafting.  This Agreement shall not be construed in favor of or against any party as the drafter or by virtue of any rule of contract construction that may be applicable to insurance companies or policies.

**13.    SEVERABILITY:**  The parties to this Agreement agree that each and every provision of this Agreement is contractual and shall not be treated as mere recitals at any time or for any purpose.  Therefore, the parties further agree that each and every provision of this Agreement shall be considered severable, except for the release provisions of this Agreement.  If a court of competent jurisdiction finds any provision, other than the release provisions, of this Agreement to be invalid or unenforceable, in whole or in part, for any reason, that provision, or part thereof, shall remain in force and effect to the extent allowed by law, and all of the remaining provisions of this Agreement shall remain in full force and effect and enforceable.

**14.    GOVERNING LAW:**  This Agreement shall be construed exclusively in accordance with the laws of the State of New York, without regard to its choice of law principles.

**15.    EXECUTION IN COUNTERPARTS:**  This Agreement may be signed in counterparts by the parties hereto and will become binding upon the parties at such time as the signatories hereto have signed each counterpart of the Agreement.  All counterparts executed shall constitute one Agreement binding on all parties hereto, notwithstanding that all parties are not signatories to the original or same counterpart or document.

**16.    SIGNATURES.**  The parties to this Agreement have read, understand and agree to the terms of this Agreement.  The parties have also consulted with counsel prior to signing this Release.

**IN WITNESS WHEREOF**, **We** have hereto set our hands and seals as of the dates indicated:

| | |
|---|---|
| Dated: April ___, 2017 | _____L.S. |

Sworn to by ██████████ before me this _____ day of April, 2017

_____
Notary Public

| | |
|---|---|
| Dated: April ___, 2017 | _____L.S.<br>Steven Kogut |

Sworn to by Steven Kogut before me this _____ day of April, 2017

_____
Notary Public

- 6 -