# VERNER SIMON

FIVE GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NJ 08053
(856) 817- 6315 / (856) 817- 6017 FAX

30 WALL STREET, 8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 502 5500 / (212) 502 5400 FAX

PLEASE REPLY TO:  NEW YORK

pwverner@vernerlaw.com

August 25, 2020

**VIA ECF**
Hon. Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Doe v. Kogut*
15-cv-7726 (JMF)(SN)

Dear Judge Netburn:

I apologize as your Order (ECF #149) caught me out of my offices and I could not access my digital or paper file.

Having conferred with Plaintiff Doe, I reiterate my letters of May 6, 2019 (ECF #142) and July 15, 2019 (ECF #148) on her behalf.

Ms. Doe seeks a final order compelling Mr. Kogut to pay her the settlement amount of $10,000. Given the time which has transpired, the Order should include and award of interest and costs. The order should direct that the payment be made by wire into Doe's attorney's escrow account in exchange for a final Stipulation of Dismissal. The record will thus be closed on all final post-appeal/remand issues.

Thank you for your consideration of the issues presented.

Very truly yours,
VERNER SIMON

Paul Verner

cc: Steven Kogut (By Email and Mail)

# Verner Simon

Five Greentree Centre
525 Route 73 North, Suite 104
Marlton, NJ 08053
(856) 817- 6315 / (856) 817- 6017 fax

30 Wall Street, 8ᵀᴴ Floor
New York, New York 10005
(212) 502 5500 / (212) 502 5400 fax

Please reply to: New York

pwverner@vernerlaw.com

May 6, 2019

**VIA ECF**
Hon. Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

          Re:    *Doe v. Kogut*
                15-cv-7726 (JMF)(SN)

Dear Judge Netburn:

As your are aware, I had planned to file a Motion today to compel Defendant Kogut to pay the $10,000 settlement consideration which he has yet failed to do since the Mandate issued from the Second Circuit.

I regret to inform the Court that events have transpired through the weekend and today which have precluded my filing a formal styled motion. Further, these same events have made it abundently clear that I can no longer represent the Plaintiff in any manner in the few proceedings which remain to be completed in this case (which has been closed for some time).

As to the Motion, I ask the Court to consider this short-form letter as the Motion to Enforce Settlement. Kogut has no proven defenses to the demand by Plaintiff for enforcement/performance of the settlement agreement. The Court has recently upheld the terms of the record settlement agreement in its most recent Orders.

Alternatively, I ask that Plaintiff be granted 45 days to hire her new attorney and to have them refile any request for enforcement of the settlement agreement.

Last, as discussed on Friday, May 3, 2019, my services have terminated, however, Plaintiff fails to understand the limited scope of my duties and that it is in her best interests to engage new counsel to process certain claims with which I irreconcilably disagree or which both my current practice and my old retainer agreement do not support. As preliminarily granted by the Court on May 3ʳᵈ, I ask the Court to so-order use of an email repository with Chambers or to issue a sealing Order for my filed documents which may discuss my interactions with the Plaintiff. In that manner, the Court may review the questions presented without the *pro se* defendant gaining advantage by disclosure of otherwise privileged communications.

# VERNER SIMON

Hon. Sarah Netburn
United States District Court
Southern District of New York
May 6, 2019
Page 2

Thank you for your consideration of the issues presented.

                                              Very truly yours,
                                              VERNER SIMON

                                              Paul Verner

cc: Steven Kogut (By Email and Mail)

# VERNER SIMON

FIVE GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NJ 08053
(856) 817- 6315 / (856) 817- 6017 FAX

30 WALL STREET, 8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 502 5500 / (212) 502 5400 FAX

PLEASE REPLY TO:  NEW YORK

pwverner@vernerlaw.com

July 15, 2019

**VIA ECF**
Hon. Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Doe v. Kogut*
15-cv-7726 (JMF)(SN)

Dear Judge Netburn:

This responds to Mr. Kogut's submission dated June 7, 2019 (ECF #144).

Mr. Kogut reaffirms that he settled this matter and that the terms of the agreement were:

> #2: Both Plaintiff and Defendant's claims would be dismissed with prejudice.
> #3: Both Plaintiff and Defendant were bound by "mutual general releases of all claims that were known or unknown based on any facts from the beginning of time to October 26, 2016.
> #4: Both Plaintiff and Defendant, under a mutual non-disparagement requirement, both parties would not speak unfavorably about the other.
> #5: The settlement agreement would be confidential for both Plaintiff and Defendant.
> #7: Both Plaintiff and Defendant would observe a mutual stay away provision.

ECF #144 at para. 4.

Mr. Kogut asserts without any direct proof that Doe intentionally failed to withdraw/dismiss her Family Court Complaint. We know that only that the matter was tried in one day and that Doe lost.  However, apparently Kogut either did not raise the issue of the federal settlement with Judge Dawson and then seek a compulsory dismissal. Perhaps he did and that motion was lost.  What is clear is that Kogut was represented by the same counsel, Mr. Joslin.  However, the circumstantial evidence offered, that the case tried on September 8, 2017, with Doe represented by a new attorney, and was lost, does not equate with Doe having failed to dismiss or having failed to do so with intent.  Ergo, Kogut's first prong of argument seeking to avoid paying the $10,000 settlement consideration, fails because it has not been proven that Doe intended and failed to have

# Verner Simon

Hon. Sarah Netburn
United States District Court
Southern District of New York
July 15, 2019
Page 2

the Family Court action dismissed nor that that is a material breach of the settlement. We simply do not know why the case proceeded to trial.

Further, the trial itself took much less than one calendar day (it seems a small part) to resolve and consumed only 100 pages of transcript testimony. That "expenditure" of time and purported costs has likewise not been documented by Mr. Kogut with any direct evidence such that there is any proof on this record that Kogut's claimed set-off is anything substantial at all. Even if there were direct evidence, it seems Mr. Joslin worked for one or two hours at most that day.

In summary, Mr. Kogut does not offer direct proof of Doe's conduct as a basis for having to appear at the Family Court trial on September 8, 2017. In any event, the claim of set-off is so palpably insubstantial that it cannot justify any further litigation on the issue of the settlement made before this Court, whether that litigation were to occur in this venue of some other state venue.

The issue of proceeding under a pseudonym is arguably mooted we believe by the request for this Court's final order compelling Kogut to pay the settlement funds into Doe's attorney's escrow account in exchange for a final Stipulation of Dismissal. The record will thus be closed on all final post-appeal/remand issues.

In any event, there has been no showing by virtue of the settlement between the parties that Judge Furman's previous orders and determinations allowing Doe to use that pseudonym have changed at all. Further, the pseudonym facilitates that quiet and final resolution of all post-appeal issues. Given the parties' clear exhibition of animus towards each other in recent post-appeal conferences, it seems likely that publication of Doe's real name opens a window of possibilities which should remain closed by this Court. The fact that Kogut argues for revelation of the Plaintiff Doe's identity is, in and of itself, suspect.

Finally, it would seem impossible for the Court to find that Plaintiff Doe materially breached the settlement agreement, giving rise to a material set-off by Kogut, without finding that the settlement agreement had thereby failed entirely for lack of performance. In short, the parties would, it seems, have to be placed at a position status *quo ante*, in a place prior to the breach - meaning with no enforceable settlement agreement at all. That result, given the current position of the parties, seems a bridge much too far and should not be entertained.

# VERNER SIMON

Hon. Sarah Netburn
United States District Court
Southern District of New York
July 15, 2019
Page 3


Thank you for your consideration of the issues presented.

Very truly yours,
VERNER SIMON

Paul Verner

cc: Steven Kogut (By Email and Mail)