**STEVE KOGUT**
**11 VESTRY STREET**
**NEW YORK, NY 10013**

September 8, 2020

Hon. Sarah Netburn
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10013

Re: *Doe v. Kogut*

15-cv-7726

Dear Judge Netburn,

Upon reviewing the court documents in regards to the terms of the settlement agreement, it is clear that Ms. Doe breached nearly all of her obligations required under that agreement. In particular I refer your honor to the transcript of the November 30, 2016 proceeding where the issue of the Plaintiff's refusal to withdraw her family court petition was addressed (Docket #111 December 13, 2016.

On page 5, lines 7 through 15, Mr. Verner indicates Plaintiff's desire to 'have her day in court' by not withdrawing her petition.

*So, I think that what we have here, your Honor, is a situation where Ms. Doe -- and given the particular circumstances of this case, the high level of emotionality, the physical assault claims, the sexual assault claims, the emotional trauma that she will prove to a jury if she gets her day in court*

On page 7, lines 7 – 11, Mr. Joslin reiterates the Plaintiff never withdrew the petition

*Your Honor, this morning Mr. Kogut appeared in a criminal court. The Family Court petition as you know was never withdrawn pursuant to the settlement agreement.*

Furthermore, Mr. Joslin continues and points out addition breaches by Plaintiff on lines 11 -13 and 17-23

*We understand that Ms. Doe in this case was speaking to the press and invited the press to the proceedings… In fact, The Post was taking pictures of Mr. Kogut as he was exiting the courtroom and we will address that as just another breach of the settlement agreement we entered into on October 26th. That's the only reason the press is here, because they were aware of the criminal proceeding across the street and gleaned that we were to be here this afternoon at 4:00.*

On page 20, lines 6-18, your Honor stated
*I think she can withdraw her petition, which is what she agreed to do at the settlement conference. And it may be that after this motion is filed, if I determine that the settlement that is spelled out in this conference and on this transcript is the binding and enforceable settlement agreement, then she will be obligated and at that point Court-ordered to withdraw her petition. I agree with you that if the prosecution decides to proceed with the case she certainly has to comply with whatever direction she is getting from the*

*government lawyers, but that seems to me a separate part. I mean, nobody has suggested in the settlement agreement that she agree that the proceedings would cease. She merely represented that she would withdraw her application.*

It is well established and subsequently upheld by the second circuit that the withdrawal of the Family Court petition was integral to the settlement and the singular requirement that the Plaintiff was capable of as well as obligated to fulfill.

I have been damaged financially as well as having been 'cancelled' as a result of Plaintiff's actions. Notwithstanding the settlement agreement being in full force and effect, Plaintiff has continuously ignored the terms and her obligations. In fact, Plaintiff continued to disparage and harass me, even after losing in the Appellate and in Family Court, in her failed attempt to have me arrested regarding random Twitter posts, that she falsely claimed were mine.

Plaintiff has been rewarded by proceeding anonymously in this case

Your Honor also stated in her Opinion and Order Doc 126 filed 04/06/17 page 25

*V. Plaintiff Proceeding Pseudonymously*

*"Identifying the parties to [a] proceeding is an important dimension of publicness. The people have a right to know who is using their courts." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008) (quoting Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)). When determining whether a plaintiff may be allowed to proceed under a pseudonym, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Id.*
*This case involves serious allegations that may irreparably harm the reputations of all involved. The parties, however, agreed to settle this action, in part, to close this painful chapter in their lives and move forward. Should the plaintiff elect not to comply with the terms of the settlement agreement, it is potentially unfair to allow such conduct to be carried out under the protection afforded by her anonymity. Accordingly, if the defendant is required to make a motion to compel hereafter, the parties are directed to brief the continued appropriateness of plaintiff proceeding pseudonymously. The plaintiff shall have 21 days from the date of defendant's motion to compel to file a submission (no longer than 10 pages) as to why she should be allowed to continue proceeding pseudonymously. Defendant will have seven days to submit a response (no longer than 10 pages). There will be no reply submission for this issue.*

Sincerely,

Steve Kogut
Mobile 212 658-1961
stevekogut@msn.com