```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANE DOE,

                                        Plaintiff,                     15-CV-7726 (SN)

                -against-                                              OPINION & ORDER

STEVEN KOGUT,

                                        Defendant.
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

In October 2016, the parties in this personal injury case appeared for a settlement conference before the Court and reached an oral settlement agreement, the terms of which were recited on the record. A month later, Plaintiff retained new counsel who asserted that the oral settlement agreement was not binding or enforceable. Defendant filed a motion to enforce the settlement agreement, which the Court granted in April 2017 (the "Enforcement Order"). See ECF No. 126. Plaintiff appealed the Enforcement Order to the Court of Appeals, which affirmed the Court's judgment for Defendant. ECF No. 130. Then in March 2019, Plaintiff moved to enforce the judgment because Defendant had not tendered the agreed-to $10,000 settlement sum. See ECF No. 131. Defendant opposed Plaintiff's motion, arguing that he should be excused from payment because Plaintiff was in breach of the agreement. ECF No. 144. Plaintiff's motion is GRANTED.

**BACKGROUND**

The facts of this case are set forth in the Court's Enforcement Order. See ECF No. 126 at 1-8. I incorporate those facts by reference and discuss only the history of this case since April 2017.

Plaintiff appealed the Court's Enforcement Order to the Court of Appeals. In January 2019, the Court of Appeals affirmed the Court's judgment in favor of Defendant, confirming that the parties had entered a binding settlement agreement. ECF No. 130. In March 2019, Plaintiff filed a letter motion requesting a conference to discuss the terms of the settlement agreement. See ECF No. 131. In denying Plaintiff's motion, the Court reiterated that the case had been resolved and that Defendant was obligated to pay Plaintiff the $10,000 settlement sum. See ECF No. 132. The Court ordered Plaintiff to show cause why the Court should hold a conference. Id. Plaintiff responded that it was important that the settlement agreement be memorialized in writing because Defendant was harassing Plaintiff online in violation of the agreement's non-disparagement clause and because, despite having prevailed on appeal, Defendant had not tendered the $10,000 settlement consideration to Plaintiff. See ECF No. 133. The parties appeared for a conference on May 3, 2019.

Three days later, Plaintiff filed this motion to enforce the judgment and compel Defendant to pay the $10,000 settlement sum. ECF No. 142. Opposing Plaintiff's motion, Defendant argued that Plaintiff had breached the settlement agreement by failing to withdraw a petition pending in Family Court. Because of the alleged breach, Defendant claimed that the settlement amount was being withheld "for legitimate cause." See ECF No. 144.

In August 2020, the Court directed the parties to file letters updating the Court on the relief they were seeking. See ECF No. 149. The Court's order also directed Defendant to indicate

whether he could produce evidence of Plaintiff's breach. In her letter, Plaintiff repeated her request that Defendant be ordered to pay the $10,000 settlement consideration. See ECF No. 150. Defendant's letter again claimed that Plaintiff had breached the settlement agreement by failing to withdraw the Family Court petition, but did not provide new evidence of the breach.

## DISCUSSION

This Court and the Court of Appeals have affirmed the validity of the parties' oral settlement agreement and deemed it enforceable. Defendant does not argue that the agreement is invalid; indeed, it was Defendant who sought to enforce the agreement in the first place. Rather, Defendant argues that he should be excused from tendering the $10,000 settlement consideration because Plaintiff has breached the agreement.

"A fundamental principle of contract law provides that the material breach of a contract by one party discharges the contractual obligations of the non-breaching party." Bear, Stearns Funding, Inc. v. Interface Grp.-Nevada, Inc., 361 F. Supp. 2d 283, 291 (S.D.N.Y. 2005); Restatement (Second) of Contracts § 237 (1981). Because Defendant alleges Plaintiff's breach of the settlement agreement as an excuse for his non-performance rather than a separate claim for relief, the Court construes his argument as an affirmative defense and not a counterclaim. See P.J.P. Mech. Corp. v. Commerce & Indus. Ins. Co., 882 N.Y.S.2d 34, 37 (N.Y. App. Div. 2009) (explaining the distinction between a counterclaim, which is a separate cause of action, and an affirmative defense, which serves merely to defeat the plaintiff's claim). "[A] defendant asserting an affirmative defense bears the burden of proof with respect to that defense." Barton Grp., Inc. v. NCR Corp., 796 F. Supp. 2d 473, 498 (S.D.N.Y. 2011), aff'd, 476 F. App'x 275 (2d Cir. 2012).

Defendant argues that he should be excused from paying the settlement consideration because Plaintiff breached the settlement agreement by failing to withdraw the Family Court Petition as required by the agreement. In support of this claim, Defendant states that there was a trial on Plaintiff's petition in Family Court on September 8, 2017, which was resolved in Defendant's favor. But as Plaintiff notes in opposition, the fact of the Family Court trial alone does not prove that Plaintiff materially breached the settlement agreement. Perhaps withdrawing or dismissing the Petition was out of Plaintiff's control or perhaps the trial went forward despite her attempt to withdraw the petition. The Court's August 13, 2020 Order, ECF No. 149, gave Defendant an opportunity to produce evidence, beyond the fact of the trial, that Plaintiff breached the settlement agreement by failing to withdraw her Family Court petition. Defendant's letter identifies statements made by Plaintiff's lawyer at a status conference on November 30, 2016, ten months before the Family Court trial, and before the Enforcement Order was issued. See ECF No. 152. Plaintiff's counsel's November 2016 statements that Plaintiff might "get[ ] her day in court" do not prove that she failed to withdraw the Family Court petition or that she did so willfully.

Setting aside the question of whether the alleged breach is "material," the circumstantial evidence presented—the fact of the Family Court trial—does not satisfy Defendant's burden to prove Plaintiff's breach by a preponderance of the evidence. See Barton Grp., Inc., 796 F. Supp. 2d at 498 (under New York law, breach of contract must be proven by a preponderance of the evidence). Accordingly, Defendant has not established that he should be excused from paying the $10,000 settlement sum.

## CONCLUSION

Because Defendant has not proven his affirmative defense that Plaintiff breached the settlement agreement, Plaintiff's motion to enforce the settlement agreement is GRANTED. Defendant is ordered pay the agreed-to $10,000.00 settlement sum. The Court assumes that this order resolves all matters before the Court and therefore declines to rule on whether Plaintiff should be permitted to continue to proceed anonymously.

The Clerk of Court is directed to mail a copy of this order to Defendant at 11 Vestry Street, New York, NY 10013.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 9, 2020
         New York, New York