# Verner Simon

One Greentree Centre
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
(856) 903 4849 / (856) 267 1953 fax

30 Wall Street, 8th Floor
New York, New York 10005
(212) 502 5500 / (212) 502 5400 fax

Please reply to: New York

pwverner@vernerlaw.com

May 20, 2022

**VIA ECF**
Hon. Magistrate Judge Sarah Netburn
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

       Re: *Doe v. Kogut*
          15-cv-7726 (JMF)(SN)

Dear Judge Netburn:

I write in accord with your directives (Dckt.##163 and 165) and after attempting to work with attorney Christopher Joslin during the last few days.[1] Mr. Joslin, like me, remains respectively listed as attorney of record for the two individual parties despite this case having been closed in April 2017 and despite their multiple repeated *pro se* filings with this Court.

Before reporting further, I note that I have never received the filings made by Ms. Doe on January 25, 2022 (Dckt. #155) April 12, 2022 (Dckt. #157), or May 13, 2022 (Dckt. #162) and the docket indicates they are sealed as to me. I request that the Court direct Ms. Doe to serve me with all papers she has submitted to the Court or that she may submit in the future. I have just received her latest filing Dckt. #166 which I was not aware she would be making.

As Mr. Joslin reported in his letter dated May 16th (Dckt. #164) I telephoned him after receiving your May 16th directive. Mr. Joslin subsequently filed his letter Dckt. #164. We have spoken again where I made the request that he investigate whether Mr. Kogut would satisfy the Court prior Order and pay Ms. Doe the subject $10,000 settlement as previously agreed and so-ordered by the Court. Mr. Joslin reported to me yesterday that Mr. Kogut has stated that he will not pay Ms. Doe and that Ms. Doe should "avail herself of all her available legal rights and remedies".

In light of this response, I am reminded that the Court's Order of May 8, 2019 (Dckt. #143) stated that the Court had processed my letter (Dckt.#142) as a short-form motion for <u>entry of judgment</u>. Subsequently, the Court issued its Memorandum and Decision dated October 9, 2020 ordering Defendant Kogut to pay the settlement amount. (Dckt. #153).

---

[1] I invited Mr. Joslin to edit this letter as he deemed fit to provide a joint report to the Court but did not hear back from his today.

# VERNER SIMON

Hon. Sarah Netburn
United States District Court
Southern District of New York
May 20, 2022
Page 2

At that juncture, I had fully exhausted the scope of my duties for which I was originally retained by Ms. Doe and so communicated that to her.  Ms. Doe resumed her prior practice of making *pro se* filings with the Court.  However, as the Court recalls, Ms. Doe spent substantial time seeking an order to seal certain documents on the docket. She did not engage a collection attorney as I recommended to pursue the unpaid settlement amount but has recently turned her attention to that issue in her *pro se* filings.

In light of the totality of these events, given Defendant Kogut's clear contempt for your prior Order directing that he pay the settlement amount, and the current *de facto pro se* posture of the parties, I submit that the Court might consider entering a Judgment as against Defendant for the unpaid settlement amount of $10,000 as of the date of your Memorandum and Decision (Dckt. #143) in accord with my prior request Dckt. #142.

With a Judgment in hand, Ms. Doe might then move on to collect her judgment either substituting me in this action or commencing a new collection case in an appropriate venue.  To the extent that she expects that I will work beyond the scope of my original retention agreement, I will then contact the Court for the appropriate relief.

Thank you for your consideration.

                                                          Very truly yours,
                                                          VERNER SIMON

                                                          Paul Verner

cc:    Steven Kogut
         (c/o Christopher Joslin, Esq. per Dckt. # 165)